Filed 12/17/13  P. v. Carillo CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY JAMES CARILLO,<br><br>    Defendant and Appellant. | B247081<br><br>(Los Angeles County<br>Super. Ct. No. PA073480) |

THE COURT:*

Defendant and appellant Anthony James Carillo (defendant) appeals his conviction for theft of an automobile.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On October 3, 2013, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

_____

\*    ASHMANN-GERST, Acting P. J., CHAVEZ, J., FERNS, J.†

†    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Defendant was charged with five felony counts relating to the theft of a 1997 Chevy Astro minivan: count 1 charged defendant with the unlawful driving or taking a vehicle in violation of Vehicle Code section 10851, subdivision (a); count 2 alleged receiving stolen property in violation of Penal Code section 496, subdivision (a);[1] count 3 alleged that defendant unlawfully took or drove the vehicle, with a previous conviction, in violation of section 666.5; count 4 alleged grand theft of an automobile, in violation of section 487, subdivision (d)(1); and count 5 charged defendant with second degree commercial burglary, in violation of section 459. The information specially alleged that defendant had suffered 13 prior convictions for which he served prison terms within the meaning of section 667.5, subdivision (b), and that he had suffered a prior serious or violent felony or juvenile adjudication qualifying as a "strike" under the "Three Strikes" law, sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i).

At arraignment, the trial court granted defendant's request to represent himself, and previously appointed counsel was relieved. On the date first set for jury trial, defendant relinquished his pro. per. status, counsel was reappointed, and trial was continued. The trial court dismissed counts 1 and 2 pursuant to section 1385.

The prosecution evidence established that after Eduardo Garcia (Garcia) drove his brother's 1997 Chevy Astro van to work at Dragos Marble, Inc. (Dragos), parked it in the parking lot, it was stolen by defendant. Defendant was recorded by Dragos surveillance cameras in the early afternoon, riding a bicycle on company property and entering the warehouse. Defendant either found the key to the van or stole it from the Dragos break room where Garcia usually left it. Defendant was arrested two days later after he was stopped by police while driving the van with a bicycle in the back. Defendant claimed that a person named Robert, who worked at a nearby construction site, had lent him the van, but investigators found no such person.

The jury found defendant guilty of counts 3 and 4 as charged, and not guilty of count 5. Defendant waived his right to a jury trial on the bifurcated trial of his prior

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

2

convictions, and admitted his prior strike (a 2001 attempted robbery), as well as six of the prior prison convictions.

On February 11, 2013, after denying defendant's motion to dismiss his prior strike conviction, the trial court sentenced defendant to a total of 10 years in prison, comprised of the high term of four years as to count 3 as the base term, doubled as a second strike to eight years, and enhanced by two of the prior prison terms, to run consecutively. The court imposed and stayed the high term of three years as to count 4, ordered defendant to pay mandatory fines and fees, and awarded a total of 562 days of presentence custody credit. Defendant filed a timely notice of appeal from the judgment.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.